```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JERRY A. CHAMBERS, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RENEE CARDWELL HUGHES, et al. | : | NO. 13-2017 |

### MEMORANDUM

PRATTER, J.                                    APRIL 19, 2013

Jerry A. Chambers, Sr., a prisoner incarcerated at the State Correctional Institution at Greene, brings this pro se civil rights action primarily based on his allegations that he was wrongfully arrested and convicted of murder. He names as defendants the state judge who presided over his trial, several lawyers appointed to represent him, and a doctor who testified against him. He also seeks to proceed in forma pauperis. For the following reasons, the Court will grant Mr. Chambers leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### I.  FACTS

Mr. Chambers was arrested on August 17, 2003, and subsequently charged with murder and related offenses. At a preliminary hearing on October 22, 2003, Dr. Ian Hood testified about the victim's condition. Mr. Chambers alleges that some or all of Hood's testimony was fabricated.

Charles P. Mirarchi, III was appointed to represent Mr. Chambers. Mr. Chambers alleges that he sought to have Mirarchi removed as counsel prior to trial, but that Judge Renee Cardwell Hughes, who presided over his criminal case, would not allow it.

1

He further alleges that Judge Hughes "[stuck] him in a mental hospital where they drug[ged] [him] against [his] will and then took [him] to trial." (Compl. ¶ II.D.)

Mr. Chambers was tried before a jury in the Philadelphia Court of Common Pleas. He was convicted of murder, among other things, and sentenced to death on May 26, 2005. See Commonwealth v. Chambers, 980 A.2d 35, 39 (Pa. 2009). Mr. Chambers alleges that his conviction is based on false evidence because Dr. Hood and other witnesses testified falsely against him at trial. He also contends that Mirarchi was ineffective.

Mr. Chambers received new counsel on appeal, Jules Epstein. Mr. Chambers was dissatisfied with Epstein's representation, apparently because Epstein had testified on behalf of Mirarchi in connection with disciplinary proceedings brought against Mirarchi. After losing his appeal to the Pennsylvania Supreme Court, Mr. Chambers filed for post-conviction relief. At some point, Earl G. Kauffman was appointed to represent him in connection with those proceedings, which appear to be ongoing. See CP-51-CR-1101421-2003. Mr. Chambers is also dissatisfied with Kauffman's representation.

Mr. Chambers filed this action against Judge Hughes, Mirarchi, Epstein, Kauffman, Dr. Hood, and an attorney named Norman Scott, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated in various respects in the course of his arrest, prosecution, and conviction. He seeks millions of dollars in damages, primarily based on his allegedly

2

wrongful conviction.

## II. STANDARD OF REVIEW

Mr. Chambers is granted leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

A complaint is frivolous if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If an affirmative defense is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002). As Mr. Chambers is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir.

3

2011).

## III. DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). To the extent that Mr. Chamber's claims are predicated on alleged constitutional deficiencies in his prosecution and/or convictions, his claims are not cognizable under § 1983, because the complaint reflects, and publicly available dockets confirm, that those convictions have not been reversed or otherwise invalidated. Accordingly, Mr. Chambers's claims based on his allegedly wrongful conviction are legally baseless and must be dismissed.[1]

---

[1] Mr. Chambers's claims are legally frivolous for the alternative reasons that (1) Judge Hughes is entitled to absolute judicial immunity for acts taken in her judicial capacity, see Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."); (2) Mr. Chambers's attorneys are not state actors for purpose of § 1983, See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); and (3) witnesses are entitled to absolute immunity from liability under § 1983 based on their

4

Mr. Chambers's false arrest and any related false imprisonment claims also fail. Mr. Chambers has failed to describe how any of the named defendants are responsible for his alleged false arrest and related detention. In any event, his claims are clearly time-barred. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where Mr. Chambers's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Mr. Chambers's claims based on his false arrest accrued on August 17, 2003, when the arrest occurred, see Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998), and his false imprisonment claims accrued by October 22, 2003, when he received a preliminary hearing in state court, if not earlier. See Wallace, 549 U.S. at 389 ("[A] false imprisonment ends once the

---

testimony in court, see Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to *any* claim based on the witness' testimony."); McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992) ("[W]itness immunity applies to testimony given at pretrial hearings as well as to trial testimony . . . .") (footnote omitted), abrogated on other grounds by, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993).

5

victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges.") (emphasis omitted). As Mr. Chambers did not file this action until April 11, 2013, when he handed his complaint over to prison authorities for mailing, his claims are clearly time-barred.[2]

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that Mr. Chambers's claims are barred by Heck and the statute of limitations. Accordingly, he will not be permitted to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed as frivolous and for failure to state a claim. **An appropriate order follows.**

---

[2]Nothing in the complaint suggests a basis for tolling.